**FILED**

**June 9, 2017**

**IN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 2:44 PM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# COURT OF WORKERS' COMPENSATION CLAIMS
# AT CHATTANOOGA

| | | |
|---|---|---|
| Ameenah House, | ) | Docket Nos. 2015-01-0125 and 2015-01-0126 |
| Employee, | ) | |
| v. | ) | |
| Amazon.com, Inc., | ) | State File Nos. 92682-4014 and 28711-2015 |
| Employer. | ) | |
| And | ) | Judge Thomas Wyatt |
| American Zurich Ins. Co., | ) | |
| Carrier. | ) | |

---

## COMPENSATION HEARING ORDER DENYING BENEFITS

---

This matter came before the undersigned Workers' Compensation Judge on June 1, 2017, for a Compensation Hearing. The primary legal issue is whether Ameenah House met her burden of establishing by expert medical opinion that her alleged back injuries arose primarily out of and in the course and scope of her employment with Amazon.Com, Inc. (Amazon). For the reasons set forth below, the Court finds Ms. House did not prove the compensability of her claim and thus is not entitled to the benefits she seeks.

### History of Claim

Ms. House became a permanent employee of Amazon on July 14, 2014. In September 2014, Amazon changed her to a position on the loading dock that received inbound stock at Amazon's warehouse. Ms. House testified she began experiencing low-back pain upon performing the lifting required by her new job. On October 28, Ms. House sought care for low-back pain at Amazon's in-house medical facility. Amazon offered Ms. House a panel from which she selected Dr. Christopher Palmer as authorized treating physician.[1]

---

[1] Although Ms. House reported this incident of back pain as a work injury, she did not file a PBD seeking further benefits for it. The PBDs before the Court in this consolidated claim are those she filed for her alleged work injuries

1

On October 30, before she saw Dr. Palmer, Ms. House saw a Physician's Assistant (PA) at Diagnostic Associates, her primary care provider, for her back pain. The PA restricted Ms. House's lifting and kneeling and limited the number of hours she could work per week. (Ex. 7 at 10.) Ms. House presented these restrictions to Amazon, which accommodated them by assigning her to operate a stand-up forklift called a "double walkie."

Ms. House then saw Dr. Palmer on November 5. He x-rayed Ms. House's lumbar spine and noted "some degenerative changes particularly of the upper lumbar and lower thoracic region." (Ex. 4 at 1.) Dr. Palmer diagnosed a low-back strain without specific trauma or injury. He surmised, "I think she is probably just asking a bit more of her back than accustomed." (Ex. 4 at 2.)

On November 20, Ms. House reported to Amazon's in-house medical facility with new low-back pain complaints caused by a jolt she received when a motorized squeeze machine rear-ended her double walkie while she was sitting still. The records of the in-house facility noted the EMT who saw Ms. House offered to send her to a company doctor, but she refused the offer because "they done nothing for her the last time and it would be a waste of her time to go back." (Ex. 9 at 2.) Ms. House disputed the EMT's records and testified she did not refuse to see a company doctor. She did, however, concede she told the EMT that she intended to see her own doctor. Amazon denied Ms. House's claim on December 6 because she "refused to sign the provided panel."[2] (Ex. 10.)

Ms. House sought treatment on her own from Chiropractor Steve Williams the day after the November 20 collision at Amazon. Chiropractor Williams noted Ms. House reported back pain extending into her hip and leg and recorded that she told him she was hurt when "hit by Double Walker (tow motor)." (Ex. 12 at 2.) Ms. House testified she also saw an orthopedic surgeon on her own, who prescribed physical therapy and a pain shot for the November 20 injury. She testified that the treatment she received from the providers she selected decreased her pain. During the course of this treatment, Ms. House continued to work at Amazon operating the double walkie.

Ms. House sustained another low-back injury on April 6, 2015. This injury allegedly occurred when a male co-worker unexpectedly grabbed her and slammed her, back-first, onto a pallet stacked with products. Ms. House explained that she reached out to touch the co-worker's arm to get his attention to tell him something when, "out of the blue," he accosted her. Ms. House immediately reported this incident to her supervisors and completed her shift, but later that day she sought emergent care for back pain at Skyridge Medical Center. (Ex. 17 at 2.) Ms. House did not seek treatment at Amazon's

---

on November 20, 2014, and April 6, 2015.

[2] The record is unclear whether Amazon actually offered Ms. House a panel.

in-house medical facility until April 14. (Ex. 19 at 1-2.) She testified the April 6 incident was the "icing on the cake" in worsening her pain to its current level. Amazon denied Ms. House's claim on the April 6 incident because (1) it considered the incident to be a personal, non-work-related matter, and (2) it claimed the incident occurred because Ms. House violated Amazon's policy against touching another employee.

Ms. House testified the back pain she experienced following the April 6 incident totally disabled her from working.[3] In October 2015, Ms. House began working part-time in the office of Chiropractor Evan Willing. She testified she worked in pain but was able to maintain her work schedule because Chiropractor Willing manipulated her spine during the work day.

Moving to the evidence the parties submitted during the hearing, Ms. House introduced numerous sets of medical records in support of her claim, including records of Diagnostic Associates, Chiropractor Steve Williams, Benchmark Physical Therapy, an impairment report of Dr. James Little,[4] and an impairment report of Chiropractor Evan Willing.[5] None of the providers relied on by Ms. House provided an opinion that her back condition arose primarily out of and in the course and scope of employment.

Ms. House presented Chiropractor Willing's testimony in-person. He testified he reviewed an MRI of Ms. House's lumbar spine and diagnosed her with a broad-based disc bulge that compromised fifty-percent of the effected disc. He assigned an impairment rating of twelve percent to the whole body under the Sixth Edition of the *American Medical Association Guidelines to the Evaluation of Impairment.* Ms. House did not ask Chiropractor Willing to give a causation opinion. During cross-examination, he stated a person struck by a machine can sustain an injury. However, Chiropractor Willing made this statement outside the context of any specific information properly posed to him about the facts of Ms. House's alleged injuries.

During the hearing, Amazon introduced the transcript of orthopedic surgeon Dr. Jay Jolley's deposition in defense of its claim. Dr. Jolley testified he reviewed numerous medical records and examined and interviewed Ms. House in person during the IME he

---

[3] Ms. House applied for and received short-term disability benefits for the back pain she allegedly experienced following the April 6 incident. She later applied for and received long-term disability benefits for the same condition. She obtained the disability policies through her employment with Amazon.

[4] The Court heard no evidence indicating who arranged for Ms. House to see Dr. Little.

[5] Amazon lodged a hearsay objection to the report of Dr. Little and objected to the report of Dr. Willing because Ms. House filed it the day before the Compensation Hearing. After taking the hearsay objection to Dr. Little's report under advisement, the Court overruled the objection because Dr. Little signed the subject report. *See* Tenn. Comp. R. & Regs. 0800-02-21-.16(6)(b) (Nov. 2016). The Court sustained Amazon's objection to Chiropractor Willing's report because Ms. House did not file it with the Clerk at least ten days before the date of the Compensation Hearing as required by both Tennessee Compilation Rules and Regulations 0800-02-21-.16(a) and the Court's Scheduling Order.

performed for Amazon. (Ex. 13 at 4.) Dr. Jolley x-rayed Ms. House and diagnosed spondylolisthesis with associated degenerative disc disease at the L5-S1 level of Ms. House's spine. (Ex. 13 at 5.) He stated the opinion that the degenerative changes in Ms. House's spine were not causally related to any of the incidents of injury she reported to Amazon. (Ex. 13 at 5-6.) Additionally, Dr. Jolley stated the opinion that Ms. House retained no permanent impairment due to any incident at Amazon.

## Findings of Fact and Conclusions of Law

### *Legal Principles*

In this workers' compensation claim, Ms. House has the burden of proof on all essential elements of the claim. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). At a compensation hearing Ms. House must establish by a preponderance of the evidence that she is, in fact, entitled to the requested benefits. *Willis v. All Staff*, 2015 TN Wrk Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6) (2016). She bears the burden of proving each and every element of her claim by a preponderance of the evidence.

Additionally, Ms. House must prove she suffered an injury as defined by the Workers' Compensation Law. In this context, an "injury" means "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement, or the need for medical treatment of the employee[.]" Tenn. Code Ann. § 50-6-102(14) (2016). To constitute a viable claim for workers' compensation benefits, the injury must be "by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14)(A) (2016). "An injury arises primarily out of and in the course and scope of employment only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" Tenn. Code Ann. § 50-6-102(14)(B) (2016). Finally, Ms. House must establish the work-relatedness of her claim by "a reasonable degree of medical certainty." Tenn. Code Ann. § 50-6-102(14)(C), (D) (2016).

### *Analysis and Holding*

Here, Ms. House did not come forward with any medical expert opinion establishing that her alleged back conditions arose primarily out of and in the course and scope of her employment with Amazon. While Dr. Little and Chiropractor Willing addressed impairment, neither offered a causation opinion. The only physician who addressed causation during the hearing was Dr. Jolley, who unequivocally stated his opinion that Ms. House's back condition was degenerative and did not arise primarily out of and in the course and scope of her employment at Amazon.

4

Thus, the Court holds that Ms. House did not satisfy her burden of proving the work-relatedness of her back condition by a preponderance of the expert medical opinion. Therefore, the Court denies Ms. House the relief she requested.

**IT IS, THEREFORE, ORDERED:**

1. That both of Ms. House's claims consolidated for hearing are denied.

2. That the Court taxes the court costs of $150.00 to Amazon.Com, Inc. and/or its carrier pursuant to Tennessee Compilation Rules and Regulations 0800-02021-.07 (2016).

3. That Amazon.Com, Inc. and/or its carrier shall prepare and submit a Statistical Date Form for this matter within ten calendar days of the date of the judgment.

**ENTERED this the 9th day of June, 2017.**

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

**APPENDIX**

Technical record:

1. Petition for Benefit Determination-November 20, 2014 claim;
2. Petition for Benefit Determination-April 6, 2015 claim;
3. Post-Discovery Dispute Certification Notice;
4. Amazon's additions to Post-Discovery Dispute Certification Notice;
5. Amazon's July 8, 2015 position statement;
6. Amazon's July 9, 2015 position statement;
7. Ameenah House's Pre-Compensation Hearing Statement;
8. Amazon's Pre-Compensation Hearing Statement;
9. Amazon's Witness List;
10. Amazon's Exhibit List;
11. Scheduling Order;
12. Ameenah House's responses to Interrogatories;
13. Ameenah House's responses to Requests for Admissions;

5

14. Ameenah House's responses to Interrogatories;
15. Amazon's Notice of Filing of Documentary Evidence; and
16. Amazon's Second set of Requests for Admission.

Exhibits:

1. Payroll records of Willing Chiropractic;
2. Choice of Physician form (C42);
3. Notice of Denial form (C23)-October 28, 2014 claim;
4. Records of Dr. Christopher Palmer/Tennessee Valley Bone & Joint;
5. Records of Amcare-October 28, 2014 claim;
6. Records of Benchmark Physical Therapy;
7. Records of Valerie Mixon, PA-C/Diagnostic Associates;
8. Wage Statement (C41)-November 20, 2014 claim;
9. Records of Amcare-November 20, 2014 claim;
10. Same as Exhibit 3;
11. Impairment rating report of Dr. James Little/Southern Rehabilitation Group (admitted into evidence over the hearsay objection of Amazon);
12. Records of Chiropractor Steve Williams/The Williams Centre;
13. Transcript of the deposition of Dr. Jay Jolley;
14. First Report of Injury (C20)-April 6, 2015 claim;
15. Mileage claim form;
16. Request for Medical Information forms (sustained Amazon's objections to medical opinions provided by non-physicians;
17. Records of Skyridge Medical Center;
18. Wage Statement (C41)-April 6, 2015 claim;
19. Records of Amcare-April 6, 2015 claim;
20. Transcript of recorded statement of Ameenah House;
21. Witness Statement Form completed by Ameenah House;
22. Witness Statement Form completed by Tracy Nale;
23. Attending Physician Update of Work Capacity/Impairment form completed by Valerie Mixon, PA-C;
24. Records of Tennessee Valley Urology Center;
25. Medical bills;
26. Impairment rating report of Chiropractor Evan Willing (marked for identification only because the Court sustained Amazon's objections to the late-filing of the report);
27. Requests for Admissions; and
28. Second set of Requests for Admissions.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Compensation Hearing Order was sent to the following recipients by the following methods of service on this the 9th day of June, 2017.

| Name | Certified Mail | Via Email | Service sent to: |
|---|---|---|---|
| Ameenah House, Self-Represented Litigant | X | X | Aminah1016@gmail.com<br>3517 Hedge Dr., NE,<br>Cleveland, TN 37312 |
| Kristin Stevenson, Employer Attorney | | X | kcstevenson@mijs.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov